UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DONALD M. BOSWELL (#567056), Petitioner | CASE NO. 5:18-CV-0873; SEC. P |
| VERSUS | CHIEF JUDGE HICKS |
| STATE OF LOUISIANA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Donald M. Boswell (#567056) ("Boswell"). Boswell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Boswell challenges his conviction and sentenced imposed in the 26th Judicial District Court, Webster Parish.

Because Boswell's § 2254 petition is untimely, it should be denied and dismissed.

I.   Background

Boswell was indicted by the Webster Parish Grand Jury on one count of aggravated rape of a juvenile, and one count of indecent behavior with a juvenile. State v. Boswell, 46,181 (La. App. 2 Cir. 4/13/11), 62 So.3d 874, 875, writ denied, 2011-1246 (La. 12/2/11), 76 So.3d 1174. Boswell entered a plea of guilty to one count of attempted aggravated rape. Id. at 876. At sentencing, the court noted that the victim had been entrusted to Boswell by her mother, who was one of Boswell's employees. Id. "While Boswell was allegedly caring for the victim, he had her

sleeping in his bed in the nude and had both vaginal and oral intercourse with her." According to the appellate court, Boswell argued that the 11–year–old victim was the aggressor or initiator. Id. The trial judge listed numerous aggravating factors in sentencing Boswell to 48 years at hard labor. Id.

On appeal, Boswell conceded that "punishment is necessary and required for his criminal activity and [he] does accept punishment." Id. at 877. However, Boswell maintained that his sentence was excessive. Id. The appellate court concluded otherwise, and affirmed the sentence. Id. The application for rehearing was denied. Id. The Louisiana Supreme Court denied writs. State v. Boswell, 2011-1246 (La. 12/2/11), 76 So.3d 1174.

Boswell filed his first application for post-conviction relief on May 14, 2012. (Doc. 1, p. 3). Boswell raised claims of ineffective assistance of counsel, excessive sentence, and illegal sentence. (Doc. 1, p. 3). The application was denied, and Boswell sought a supervisory writ of review in the appellate court. Boswell's writ application was denied on September 11, 2014. (Doc. 1-2, p. 1).

Boswell subsequently filed three motions asking the appellate court to order Boswell's attorney to provide Boswell with copies of documents, to check out the appellate court's record, and for an extension of time within which to seek review in the Louisiana Supreme Court. (Doc. 1-2, p. 2). The appellate court denied relief on December 17, 2014, and reminded Boswell that that the Louisiana Supreme Court's time limits were governed by Rule X of the Rules of the Louisiana Supreme Court. (Doc. 1-2, p. 2). Boswell sought review in the Louisiana Supreme Court, but his

application was not considered because it was untimely filed under Rule X. (Doc. 1-2, p. 5). Boswell's request for reconsideration was denied on February 5, 2016. State ex rel. Boswell v. State, 2015-0030 (La. 2/5/16), 186 So.3d 1159.

Boswell filed a motion to withdraw his guilty plea in the trial court on July 21, 2014. (Doc. 1, p. 4). The motion was denied, and Boswell sought supervisory review in the appellate court. (Doc. 1-2, p. 3). The appellate court denied writs on December 18, 2014. (Doc. 1-2, p. 3). Again, Boswell's writ application to the Louisiana Supreme Court was not considered because it was untimely filed. (Doc. 1-2, p. 9). State ex rel. Boswell v. State, 2016-0855 (La. 5/19/17), 219 So.3d 1077, reconsideration denied, 2016-0855 (La. 9/15/17), 225 So.3d 1088.

Boswell filed another application for post-conviction relief on September 27, 2017, which was denied as repetitive. (Doc. 1-2, p. 19). Writs were denied by the Louisiana Second Circuit Court of Appeal on January 25, 2018. (Doc. 1-2, p. 21). According to Boswell, his writ application is pending in the Louisiana Supreme Court. (Doc. 1, p. 14).

II.  Law and Analysis

    A.  Boswell's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review

3

or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because he did not seek writs in the United States Supreme Court on direct review, Boswell's conviction became final for AEDPA purposes 90 days after the Louisiana Supreme Court denied writs. Thus, the one-year limitations period began to run on March 1, 2012.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

Boswell's application remained pending until the Second Circuit Court of Appeal denied writs on September 11, 2014. (Doc. 1-2, p. 1). Thereafter, Boswell filed an untimely writ in the Louisiana Supreme Court, which was not considered. (Doc. 1-2, p. 5). State ex rel. Boswell v. State, 2015-0030 (La. 2/5/16), 186 So.3d 1159.

However, Boswell filed a motion to withdraw his guilty plea on July 21, 2014, which can be considered an application for post-conviction relief. State v. Smith, 406 So.2d 1314, 1316 (La. 1981) (a trial court adjudicating a motion to withdraw guilty plea after sentencing acts pursuant to its post-conviction jurisdiction). Thus, the prescriptive period continued to toll while the motion to withdraw Boswell's plea was properly pending.

The motion was denied on August 11, 2014, and the Second Circuit denied writs on December 18, 2014. (Doc. 1-2, p. 3). Boswell had 30 days—until January 7, 2015, within which to seek writs in the Louisiana Supreme Court. Louisiana Supreme Court Rule X. Boswell did not file the writ application until the following year, and the writ was not considered because it was not timely filed. (Doc. 1-2, p. 10). The Louisiana Supreme Court advised Boswell that he had exhausted his right to obtain post-conviction relief in state court. State ex rel. Boswell v. State, 2016-0855 (La. 5/19/17, 1), 219 So.3d 1077, reconsideration denied, 2016-0855 (La. 9/15/17), 225 So.3d 1088.

Because Boswell did not file a timely writ application in the Louisiana Supreme Court, his motion to withdraw the guilty plea was no longer properly pending after January 7, 2015, and could no longer toll the statute of limitations. See Williams v. Cain, 217 F.3d 303 (5th Cir. 2000) (application for post-conviction relief ceased to be "properly filed" for purposes of tolling the limitations period when petitioner failed to file his application within 30-day period allowed by state court rule); Bedford v. Miller, 2007 WL 1870073 (E.D. La. 2007) (citations omitted) (untimely filing of appeal is not properly filed, leaving the application no longer pending); Zeno v. Cain, 2009 WL 4329907 (W.D. La. 2009) (untimely writ application in Louisiana Supreme Court was not a properly filed post-conviction pleading that could toll the AEDPA limitations period).

Therefore, Boswell is entitled to tolling until January 7, 2015, and Boswell had one year within which to file a habeas petition. Boswell did not file his § 2254 petition

in this Court until March 26, 2018, over two year after the prescriptive period expired. Bowell's subsequent and duplicative post-conviction application was not filed until September 27, 2017, also after the one-year AEDPA period had expired. (Doc. 1-2, p. 19). Thus, Boswell receives no tolling benefit from the filing of that application.

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Boswell submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

Although Boswell claims his attorney's negligence caused his first writ application in the Louisiana Supreme Court to be untimely filed, attorney negligence does not provide a basis for equitable tolling. See Montgomery v. Hale, 648 F. App'x 444, 445 (5th Cir. 2016) (citing Holland v. Florida, 560 U.S. 631 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

### III. Conclusion

Because Boswell's § 2254 petition is untimely, IT IS RECOMMENDED that the petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of July, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge